**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-24609-Civ-WILLIAMS/TORRES

ALLAN LOPEZ,

      Plaintiff,

v.

PATRICIA MARTENS and
XPO LOGISTICS FREIGHT, INC.,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION TO REMAND**

This matter is before the Court on Allan Lopez's ("Plaintiff") motion to remand this action to Florida state court against Patricia Martens ("Ms. Martens") and XPO Logistics Freight, Inc. ("XPO") (collectively, "Defendants"). [D.E. 30]. Defendant responded to Plaintiff's motion on July 29, 2020 [D.E. 32] to which Plaintiff replied on August 5, 2020. [D.E. XX]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Plaintiff's motion to remand should be **GRANTED**.[1]

---

[1]     On July 16, 2020, the Honorable Kathleen Williams referred Plaintiff's motion to remand to the undersigned magistrate judge for disposition. [D.E. 31].

## I.  BACKGROUND

On September 24, 2019, Plaintiff filed a personal injury lawsuit in Florida state court, alleging negligence against Ms. Martens and vicarious liability against XPO for a car accident that took place in Miami-Dade County.  Plaintiff served XPO on September October 7, 2019 and XPO filed an answer on October 24, 2019. Plaintiff attempted to serve Ms. Martens but, to date, Plaintiff has been unsuccessful.

XPO filed a notice of removal on November 6, 2020, stating that this case falls within the Court's diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000.  [D.E. 1].  XPO claims that it is a multi-national business with its corporate headquarters and principle place of business in Connecticut and that Plaintiff is a citizen of Florida. Although Plaintiff has failed to serve Ms. Martens, XPO contends that she is a U.S. citizen with a permanent domicile in Japan.[2]  Since XPO filed a notice of removal, Plaintiff has now filed a motion to remand because there is no evidence that Ms. Martens is permanently domiciled in Japan.  Instead, Plaintiff maintains that Ms. Martens is a U.S. citizen domiciled in Florida.  And because Plaintiff and Ms. Martens are both citizens of Florida, Plaintiff seeks to remand this case back to Florida state court for lack of complete diversity.

---

[2]     XPO based the amount in controversy on correspondence with Plaintiff where he referenced his claim for damages as exceeding $300,000.  This issue is not in dispute for the purposes of this motion.

## II.   APPLICABLE PRINCIPLES AND LAW

"The plaintiff is the master of his complaint and is free to choose federal or state jurisdiction." *Morock v. Chautauqua Airlines, Inc.*, 2007 WL 1725232, at *1 (M.D. Fla. June 14, 2007) (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987)).  Yet, a defendant may remove a case from a state to federal court pursuant to 28 U.S.C. § 1441.  If a defendant decides to do so, the defendant bears the burden of putting forth sufficient facts supporting the existence of federal jurisdiction.  *See McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002); *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 n. 4 (11th Cir. 1998).  A federal court must determine whether it has subject matter jurisdiction at the time a removal notice is filed.  *See Poore v. American-Amicable Life Ins. Co., Inc.,* 218 F.3d 1287, 1290-1291 (11th Cir. 2000).

If a case is removed under section 1332(a), there must be (1) complete diversity between the parties and (2) there must be an amount in controversy that exceeds $75,000.  *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"); *see also Matrix Z, LLC v. Landplan Design, Inc.*, 493 F. Supp. 2d 1242, 1245 (S.D. Fla. 2007).  In meeting the burden of establishing the amount in controversy, the removing defendant must establish by "'[t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather

3

than the other.'" *Lowery*, 483 F.3d at 1209 (quoting *Black's Law Dictionary* 1220 (8th ed. 2004)).  If the removing defendant fails to do so, the court must remand the case back to state court because removal statutes are narrowly construed with uncertainties resolved in favor of remand.  *See Whitt v. Sherman Int'l Corp.,* 147 F.3d 1325, 1329 (11th Cir. 1998); *see also Morock*, 2007 WL 1725232, at *1 ("A federal district court must remand to state court any case [that] lacks necessary jurisdiction or that was removed improperly.") (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)).

"[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208–09 (11th Cir. 2007) (citing *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356–57 (11th Cir. 1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts), *overruled on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072 (11th Cir. 2000)); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.").  Stated differently, a removing defendant must prove that the amount in controversy "'more likely than not'" exceeds $75,000.  *See Morock*, 2007 WL 1725232, at *2 (citing *Hanna v. Miller,* 163 F. Supp. 2d 1302 (D.N.M. 2001)).

If the evidence presented "is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.  The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."  *Lowery*, 483 F.3d at 1214-15 (footnote and citation omitted).

### III.   ANALYSIS

On November 6, 2019, XPO filed a notice of removal pursuant to the Court's diversity jurisdiction.  [D.E. 1].  Plaintiff seeks to remand this case because removal was premature.  When XPO removed this case, Plaintiff claims that it failed to show that Ms. Martens consented to the removal of this case.  Plaintiff argues that this violated the "rule of unanimity" because the Eleventh Circuit requires that all defendants join in a removal petition or consent to removal in cases involving multiple defendants.  *See Russell Corp. v. Am. Home Assurance Co.,* 264 F.3d 1040, 1044 (11th Cir. 2001); *In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd.,* 3 F.3d 353, 355-56 (11th Cir. 1993); *Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 247-48 (1900).  Thus, Plaintiff concludes that this case should be remanded because Ms. Martens failed to join in the removal petition and XPO violated the rule of unanimity.

Plaintiff also seeks to remand this case because Ms. Martens is a Florida citizen and complete diversity requires that the citizenship of each plaintiff be diverse from each defendant.  In support of this contention, Plaintiff conducted a

search of several records and came to the conclusion that Mr. Martens is a U.S. citizen domiciled in Florida because she is a (1) Florida property owner, (2) a Florida registered voter, and (3) a licensed and active driver in Florida. Thus, while XPO states that Plaintiff resides permanently in Japan, Plaintiff argues that this has no legal effect because citizenship – not residency – is the controlling factor in determining whether the Court has diversity jurisdiction. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

### A.   *Rule of Unanimity*

We begin with the question of whether XPO's removal notice violated the rule of unanimity. To remove a case to federal court, the Eleventh Circuit requires that all defendants join in a removal petition or consent to removal in cases involving multiple defendants. *See Russell Corp.,* 264 F.3d at 1044. Section 1446(b) is in agreement with this principle as it states that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). It also states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of action." 28 U.S.C. § 1446(b)(2)(a).

This is commonly referred to as the "rule of unanimity" and the "'the majority view is that the mere assertion in a removal petition that all defendants consent to removal fails to constitute sufficient joinder.'" *Newman v. Spectrum Stores, Inc.*,

109 F. Supp. 2d 1342, 1346 (M.D. Ala. 2000) (quoting *Prod. Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1078 (E.D. Wis. 1993)).  That is, "[c]onsent may not be implied, but rather, it must be  express."  *Jerrell v. Kardoes Rubber Co., Inc.,* 348 F. Supp. 2d 1278, 1282 (M.D. Ala. 2004) (citing *Newman,* 109 F. Supp. 2d at 1346); *see also Tate v. Assurant Speciality Property*, 2017 WL 2274332, at *3 (M.D. Ala. May 24, 2017) ("[B]ecause § 1446 is to be construed strictly . . . there is no such thing as implied joinder or consent.  Instead, an official, affirmative and unambiguous joinder or consent to the notice of removal is required.").  Although consent does not necessarily require that each defendant *sign* a removal petition, "'there must be some timely filed written indication from each served defendant, or from some person or entity purporting to act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action.'"  *Whetstone v. Fred's Stores of Tenn., Inc.,* 2006 WL 559596 (M.D. Ala. March 7, 2006) *(*quoting *Getty Oil Corp. v. Ins. Co. of N.A.,* 841 F.2d 1254, 1262 n.11 (5th Cir. 1998)).

Plaintiff argues that XPO's removal notice violates the rule of unanimity because Plaintiff never served Ms. Martens and she failed to consent to the removal of this action.  The problem with Plaintiff's position is that the rule of unanimity does not apply if: "(1) the non-consenting defendant had not been served with process at the time the notice of removal was filed; (2) the non-consenting defendant is a nominal or formal defendant; or (3) removal is pursuant to § 1441(c)."  *Dudley v. Provident Sec., Inc.*, 2013 WL 5566184, at *2 (M.D. Fla. Oct. 8, 2013) (citing

*Bradwell v. Silk Greenhouse, Inc.,* 828 F. Supp. 940, 943 n.2 (M.D. Fla. 1993)). The first exception applies here because, as of July 15, 2020, Plaintiff has continually failed to serve Ms. Martens. In fact, Plaintiff states that, following remand, he will seek an extension of time to serve Ms. Martens thereby conceding that Plaintiff has not served her since he filed his complaint on September 2019. [D.E. 30 at 3 ("Following remand, the Plaintiff will seek an extension to serve MARTENS and service upon MARTENS will be effectuated.")]. Because Plaintiff concedes that he failed to serve Ms. Martens at the time of removal, XPO meets one of the exceptions and therefore did not violate the rule of unanimity.[3]

### B.     *Defendant Martens' Citizenship and Effect on Diversity*

The next issue is whether Ms. Martens is a Florida citizen. On one hand, Plaintiff states that Ms. Martens is a (1) Florida property owner, (2) a Florida registered voter, and (3) a licensed and active driver in Florida. On the other hand, XPO relies on Ms. Martens's affidavit where she asserts that she is permanently domiciled in Japan, has not lived in Florida since 2018, and has no intention of ever

---

[3]     It appears that Plaintiff conflated the rule of unanimity with the forum defendant rule because Plaintiff stated that "action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This is not the rule of unanimity even though Plaintiff proceeded into a substantive discussion on how Ms. Martens never consented to the removal of this action. Because Plaintiff abandoned any further argument with respect to the forum defendant rule, we limit our discussion to the rule of unanimity. We note, however, that Plaintiff's cursory suggestion that XPO violated the forum defendant rule appears weak because "[b]y its terms, the forum-defendant rule applies only if a forum defendant has been 'properly joined and served.'" *Goodwin v. Reynolds*, 757 F.3d 1216, 1220–21 (11th Cir. 2014) (quoting 28 U.S.C. § 1441(b) (2006)). Because Plaintiff failed to served Ms. Martens, it is unclear how the forum defendant rule prevents XPO from removing this action to federal court.

returning to the United States.   [D.E. 32-1].   The affidavit also shows that Ms. Martens is employed as the Chief of Human Resources for the Marine Corps in Japan and that this is her permanent place of employment going forward. Therefore, while Ms. Martens admits that she is a U.S. citizen, she contends that her permanent domicile is in Japan.

Upon removal, the removing party "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Just as a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under 28 U.S.C. § 1446(a)." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216-17 (11th Cir. 2007).   In meeting this burden, "[D]efendant[] may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (citing cases).   This means that, in addition to the petition for removal and  a motion to remand, a district court may also "consider post-removal evidence in assessing removal jurisdiction," so long as the jurisdictional facts that support removal are "judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Pretka,* 608 F.3d at 773 (quoting *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).   Ultimately, when a court evaluates "whether the particular factual circumstances of a case give rise to removal jurisdiction, [it] strictly construe[s] the right to remove and appl[ies] a general presumption against

the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.,* 740 F.3d 876, 882 (11th Cir. 2013) (internal citation and quotation marks omitted).

Here, Defendant has presented compelling evidence that Ms. Martens is a U.S. citizen domiciled permanently in Japan.  This includes her affidavit, a license for the operation of a Japanese motor vehicle, and a copy of her U.S. Passport that indicates that she left for Japan in 2018 and has not since returned to the United States.  Plaintiff takes issue with this evidence because – even if Ms. Martens is temporarily domiciled in Japan – Ms. Martens remains a U.S. citizen and there cannot be complete diversity when a plaintiff and a defendant are citizens of the same state.

Plaintiff's argument is unpersuasive because, although he claims that Ms. Martens is only a temporary resident of Japan, the evidence shows that she left the United States approximately two years ago and has not since returned.  XPO has also shown that Ms. Martens is employed in Japan with all of her immediate family, that she has a Japanese driver's license, and that she has no intention of ever returning to the United States.  Plaintiff hangs his hat on the fact that Ms. Martens owns property in Florida.  Yet, as Defendant points out, she also owns property in Connecticut and her Florida-based properties are rented out and managed by third parties.  Plaintiff then states that Ms. Martens is still a registered voter in Florida, but there is no evidence that she has ever voted in Florida or that she has exercised that right subsequent to her move to Japan.  Plaintiff's reliance on a Florida driver's

license is equally unavailing because, like all licenses, it has a validation period prior to expiring and it fails to show that, in recent years, Ms. Martens has driven in the United States, let alone returned since her move to Japan.

Undeterred, Plaintiff maintains that Ms. Martens retains her U.S. citizenship and was last domiciled in Florida, so she remains a "Florida citizen" for diversity purposes. This conclusory position raises a related issue as to how Ms. Martens should be categorized as a party under 28 U.S.C. § 1332(a). To be sure, "U.S. citizens domiciled abroad are neither 'citizens of a State' under § 1332(a) nor 'citizens or subjects of a foreign state' and therefore are not proper parties to a diversity action in federal court." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011) (citing *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828–29 (1989)). This means that Ms. Martens – as a United States citizen domiciled in a foreign state – is considered a "stateless" party. *See Newman-Green, Inc.*, 490 U.S. at 828-29 (holding that a U.S. citizen domiciled abroad is "stateless," and that in order to be a citizen of a state within the meaning of the diversity statute a person must both be a citizen of the United States *and* be domiciled within a state).

This unique status of being a stateless U.S. citizen was not addressed by the parties, likely due to Plaintiff assuming that he could show that Ms. Martens was still a U.S. citizen domiciled in Florida (which is not enough) and XPO's limited analysis that Ms. Martens is now permanently domiciled in Japan (which is also not enough). As we are duty-bound to determine the Court's jurisdiction, the question

is a significant one because the diversity jurisdiction statute requires complete diversity. And "the presence of a party who is not a citizen of any state (or a foreign state or citizen or subject thereof) destroys a court's diversity jurisdiction even when there are otherwise diverse parties on the same side of the lawsuit as the 'stateless' party." *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303 (S.D. Fla. 2016) (citing *Newman-Green*, 490 U.S. at 829); *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 365–67 (5th Cir. 2006) (holding that presence of state of Louisiana as a party destroyed complete diversity, even though Louisiana's co-plaintiff was a diverse citizen)). To put it simply, diversity jurisdiction is properly invoked *only* if *each* party falls into one of the categories in 28 U.S.C. § 1332(a). *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001) (citing *Newman–Green*, 490 U.S. at 829 ("In a case involving claims against multiple defendants, "the plaintiff must meet the requirements of the diversity statute for each defendant.")).

The facts of this case are analogous to the Supreme Court's decision in *Newman–Green* because in that case one of the defendants was also an American citizen who lived overseas. As a result the Court found that he fell within none of the statutory categories of parties over whom the federal courts may exercise diversity jurisdiction. *Newman–Green*, 490 U.S. at 828. The Court reasoned that because this defendant was not domiciled in any state, he was "stateless" for purposes of the diversity statute and, given the narrow construction of § 1332, the plaintiff could not pursue an action in federal court against him. *Id*. For that

reason, the defendant's presence in *Newman–Green* destroyed complete diversity and rendered the entire case beyond a federal court's power to decide.

The same reasoning applies here because Ms. Martens does not fall within any of the categories enumerated in 28 U.S.C. § 1332(a) and, as a result, XPO cannot invoke the Court's diversity jurisdiction because she is a "stateless" party. *See, e.g.*, *In re Fresenius Granuflo/NaturaLyte Dialysate Prods. Liab. Litig.,* 76 F. Supp. 3d 268, 273 (D. Mass. 2015) ("As a matter of history, parties without any state citizenship, such as States, Indian tribes, or Americans domiciled abroad, have been treated as 'jurisdictional spoilers' whose mere presence in an action destroys complete diversity."). In opposing the motion to remand, XPO presented a compelling argument that Ms. Martens was not a U.S. citizen domiciled in Florida but a U.S. citizen domiciled in Japan. But, in making that argument, XPO failed to realize that this too destroyed the Court's diversity jurisdiction because XPO showed that Ms. Martens was a "stateless" party. And as explained earlier, a "stateless" party destroys a court's diversity jurisdiction even when there are otherwise diverse parties on the same side of the lawsuit. *See Molinos Valle Del Cibao, C. por A.*, 633 F.3d at 1341 ("U.S. citizens domiciled abroad are neither 'citizens of a State' under § 1332(a) nor 'citizens or subjects of a foreign state' and therefore are not proper parties to a diversity action in federal court.") (citing *Newman–Green,* 490 U.S. at 828–29). Because Ms. Martens is a "stateless" party and XPO relies solely on the diversity of the parties for the purposes of federal

jurisdiction, Plaintiff's motion should still be **GRANTED** on this basis and this case should be remanded back to Florida state court.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's motion [D.E. 30] be **GRANTED** and that this case be remanded to Florida state court.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 7th day of August, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge